UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VARGAS SILVA,<br><br>Petitioner,<br><br>v.<br><br>GOLDEN STATE ANNEX WARDEN, et al.,<br><br>Respondents. | No. 1:26-cv-00913-DAD-CSK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3) |

On February 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 3.) On February 3, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release following his parole pursuant to 8 U.S.C. § 1182(d), and *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025), where the court

1

concluded that because the petitioner had previously been paroled, he could not be re-detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  (Doc. No. 5.)

On February 4, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Respondents concede therein that they have reviewed the decisions in *Rocha Chavarria*, *Singh*, and many other decisions by this court and that there does not appear to be any substantive distinctions between this case and the court's prior orders.  (*Id.* at 2.)  Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (*Id.* at 1.)  Moreover, respondents state that if the court is inclined to grant a preliminary injunction, judicial economy counsels granting the petition for writ of habeas corpus on the merits.  (*Id.* at 1.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about November 8, 2023, was detained by immigration authorities shortly after he entered, and was released on parole that same day.  (Doc. No. 3-2 at 5, 14.)  Petitioner was re-detained by ICE without notice or a hearing on January 17, 2026, when he reported as directed for his scheduled check-in appointment.  (*Id.* at 17.)

Because respondents have conceded that this case is not substantively distinct from the court's prior orders in *Rocha Chavarria* and *Singh*, the court incorporates and adopts the reasoning set forth in those orders and finds that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on January 17, 2026;
2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order;

2

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __**February 5, 2026**__          *Dale A. Drozd*
                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE